Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMON CLARK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC, ENCORE CAPITAL GROUP, INC. and DOES 1 through 10 inclusive,<br><br>Defendants. | ) | CASE NO.: 2:21-cv-1941<br><br>CLASS ACTION<br>COMPLAINT FOR DAMAGES |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his class action complaint against the Defendants MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC, and ENCORE CAPITAL GROUP, INC. alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer and on behalf of a class for the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff also claims violations under California

Business and Professions Code §17200, et seq., which prohibits unfair competition, including any unlawful, unfair or fraudulent business act, and intrusion upon seclusion.

## PARTIES

2. Plaintiff is a natural person residing in Farmington Hills, Michigan.

3. Upon information and belief, the Defendant Midland Credit Management, Inc. is a "debt collector" as defined pursuant to 15 U.S.C. § 1692 a(6) and Cal. Civil Code §1788.2 with its principal place of business in San Diego, CA.

4. Upon information and belief, Defendant Midland Funding LLC is a "creditor" as defined pursuant to Cal. Civil Code §1788.2 and is located in San Diego, CA.

5. Upon information and belief, Defendant Encore Capital Group, Inc. is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) and Cal. Civil Code §1788.2 and is located in San Diego, CA.

## JURISDICTION

6. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendants regularly conduct business in this district, as well as 28 U.S.C. §1367.

## FACTUAL BACKGROUND

7. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

8. That a personal debt was allegedly incurred by Plaintiff to one Citibank, N.A.

9. That at a time unknown to Plaintiff herein, Defendant Midland Funding LLC obtained and/or purchased Plaintiff's alleged account.

10. That at a time unknown to Plaintiff herein, Plaintiff's alleged debt was referred and/or assigned to Defendant Midland Credit Management, Inc. for collection.

11. That at all times relevant herein, Defendants Midland Funding, LLC and Midland Credit Management, Inc. acted as agents and under the direction of Defendant Encore Capital Group, Inc., which is their parent company.[1]

*Count One*

12. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

13. That in or about September 2019, Defendants filed a lawsuit (case no. GC19H160) hereinafter referred to as the "Collections Lawsuit," against Plaintiff to collect on the alleged debt.

14. That in or about February 2020, the Plaintiff received a "Notice to Appear" with regard to the Collections Lawsuit and was directed to come to court for a pre-trial conference set for March 5, 2020.

15. However, just before he was required to appear in court, Plaintiff, on or about March 4, 2020, received correspondence from the Defendants dated February 20, 2020 which contained the following language, in pertinent part:

> "We are writing in response to the recent communication disputing the above-referenced account. We understand that you are disputing the accuracy of our records concerning the above referenced account and have opened an investigation concerning your dispute…**In the interim, we are ceasing all collection efforts until this conclusion of the investigation of your dispute**." (emphasis added)

---

[1] According to a Consent Order issued by the U.S. Consumer Financial Protection Bureau, Administrative Proceeding File No. 2015-CFPB-0022, *"In the Matter of: Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc. and Asset Acceptance Capital Corp.,"* the CFPB made the following finding: "Midland and MCM operate in concert with one another, and under the direct supervision and control of Encore Capital, to purchase and collect Consumer Debt on a massive scale." (Ref. ¶19)

16. That Plaintiff, as the least sophisticated consumer, became extremely confused as a result of Defendants' communications, and was unsure of the status of the alleged account, the pending lawsuit, and whether Defendants were really going to cease their collection efforts against him.

17. That the communications made by the Defendants caused Plaintiff to be conflicted and anxious as to whether he was still obligated to appear in court the following day for the pre-trial conference and whether or not he was responsible for the alleged debt.

*Count Two*

18. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

19. That on March 5, 2020, Plaintiff, out of fear and confusion, reluctantly appeared in court for the pre-trial conference, despite Defendants' recent communication.

20. That during the pre-trial conference, the Defendants' agent pressured Plaintiff into making a deal with regard to the alleged account.

21. That the Plaintiff informed the Defendants' agent about the letter he had recently received, wherein the Defendants claimed that they were purportedly "**ceasing all collection efforts…"**

22. That in response, Defendants' agent asked Plaintiff in pertinent part, "I have the same letter but let's get to the bottom of this, are you here to make a deal?"

23. That the Defendants' agent then immediately proceeded to remove said correspondence from plain view, as though to hide the letter from the Plaintiff.

24. That Plaintiff replied that he could not make a deal, at which point the Defendant's agent grabbed his file folder, jumped up and threatened the Plaintiff, in pertinent part, "We are going to trial!!!"

25. That the Plaintiff grew even more confused, stress and anxious as a result of Defendants' communications and threats.

*Count Three*

26. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

27. That just before the trial date, Defendants filed a Request for Dismissal to dismiss the Collections Lawsuit.

28. That upon information and belief, Defendants voluntarily dismissed the Collections Lawsuit, knowing that they did not have the adequate proof to substantiate their claims against Plaintiff. [2]

29. That upon information and belief, although Defendants knew that it did not have documentation to support the Collections Lawsuit, they filed said lawsuit with no intention of pursuing it, and brought the legal action anyway in a deceptive manner in order to confuse and intimidate consumers like Plaintiff into making payments under duress.

30. That upon information and belief, Defendants did not adequately review Plaintiff's account file prior to filing the lawsuit.[3]

---

[2] The CFPB found that, "In numerous instances, Debt sellers have provided data files to Encore containing inaccurate information as to the identity of the Consumer obligated to pay the Debt, the age of the Debt, the amount of the Debt, the interest rate, and other material information about the Debt. Nevertheless, Encore has continued purchasing Consumer Debt from these sellers." (Ref. to ¶30)

[3] The CFPB also made the following finding: "Even when Encore has already been in possession of account-level documentation regarding the Debts it has collected, Encore generally did not review the documentation to ensure it was consistent with information in the data file." (Ref. to ¶45)

31. That upon information and belief, Defendants did not have prima facie evidence[4] to support their claims in its lawsuit against the Plaintiff, yet persisted with legal action anyway in an attempt to harass Plaintiff and compel payment of a debt by means of abuse, harassment and coercion.

32. That upon information and belief, Defendants systematically file meritless lawsuits in an effort to compel consumers, like Plaintiff, into making payments on certain accounts knowing that they cannot and do not intend to try said cases on their "merits." [5]

33. That upon information and belief, Defendants regularly purchase debts and initiate legal proceedings without valid prima face proof of the validity of the debts to compel debtors into payment by means of legal action.

34. That upon information and belief, Defendants knew or should have known that they could not prevail on the Collections Lawsuit yet persisted with legal action anyway in a deceptive manner in order to confuse, intimidate and coerce Plaintiff into making a payment on the alleged debt.

35. That upon information and belief, Defendants filed the Collections Lawsuit as an abuse of process and sent misleading and deceptive communications thereafter in an effort to mislead, coerce and intimidate the Plaintiff into making a payment on the alleged debt.

---

[4] Moreover, according to the CFPB, Encore would purchase debts from sellers who, "…typically have not provided Encore with any Consumer-level documentation about most individual Debts, such as account statements, records of payments, and the underlying contracts signed by the Consumers..." (Ref. to ¶32)

[5] The CFPB notes, "In numerous instances, in connection with collecting or attempting to collect Debt from Consumers through litigation or threats of litigation, Encore represented, directly or indirectly, expressly or by implication, that Encore intends to prove its claims, if contested… In truth and in fact, in numerous instances, Encore does not intend to prove its claims, if contested." (Ref. ¶¶82-83)

**AS AND FOR A FIRST CAUSE OF ACTION**

36. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

37. Defendants' conduct and communications contained language demonstrating false statements, threatening implications and deceptive misrepresentations in violation of the FDCPA.

38. That Defendants' conduct violates 15 U.S.C. 1692 et seq., including but not limited to the following subsections, in that the representations made by the Defendants are harassing, confusing, misleading, deceptive and unfair.[6]

   a. Defendants violated 15 U.S.C. §1692d by abusing and harassing the Plaintiff;

   b. Defendants violated 15 U.S.C. §1692e by falsely representing the character, amount, or legal status of the alleged debt; for allowing attorneys' signatures to appear on questionable documentation and/or without reviewing Plaintiff's file; by threatening to take any action that cannot be legally be taken; by using false representations; and by using deceptive means to collect the alleged debt;

   c. Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

   d. Defendants violated 15 U.S.C. §1692g by using misleading and overshadowing language in an attempt to collect the alleged debt, by contradicting Plaintiff's rights, and by failing to clearly and effectively convey information regarding the alleged debt as well as Plaintiff's consumer rights.

39. That Defendants engage in a pattern or practice of communicating with consumers where the representations made by the Defendants are harassing, confusing, misleading, deceptive and/or unfair, file meritless lawsuits, and ultimately abuse judicial process, all in an effort to collect on debts.

---

[6] The CFPB found that based on the foregoing conduct, Defendants committed violations of the FDCPA. (Ref. ¶¶105, 108, 117).

40. That as a result of Defendants' conduct, Plaintiff suffered actual damages, including, but not limited to: stress, anxiety, aggravation, attorney's fees and court costs.
41. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendants are liable to Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00, plus costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

42. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
43. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.
44. By the acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:
    a. Defendants have violated §1788.10(f) which prohibits threats to take actions against the debtor which is prohibited by said title;
    b. Defendants have violated §1788.13(j) with its false representations that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made; and
    c. By the above-referenced violations of the FDCPA, Defendants have violated §1788.17.
45. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of Defendants' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

46. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000.00 as provided for in the Act.

47. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**

48. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

49. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

50. That Defendants, by engaging in the acts hereinabove described, have committed violations under the aforementioned statutes and codes; that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

51. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

52. That a consumer like the Plaintiff is likely to be deceived, and that the Plaintiff was in fact deceived, and Defendants have been unjustly enriched by committing said acts.

53. That as a result of Defendants' conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

54. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has suffered substantial injury in fact and lost money and/or property.

55. That pursuant to California Business and Professions Code § 17200, et seq., Plaintiff is entitled to recover his actual damages and restitution.

## AS AND FOR A FOURTH CAUSE OF ACTION

56. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

57. That Plaintiff had a reasonable expectation of privacy.

58. That Defendants intentionally intruded in Plaintiff's privacy by, among other things, unlawfully attempting to collect a debt from Plaintiff and continuing unlawful collection efforts against Plaintiff.

59. That Defendants' intrusion would be highly offensive to a reasonable person.

60. That Plaintiff was harmed by Defendants' conduct.

61. That Defendants' conduct was a substantial factor in causing Plaintiff's harm.

62. That Defendants intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invading, and intruding upon Plaintiff's rights to privacy.

63. That Defendants acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.

64. That the actions taken by Defendants indicate a willingness to execute, maintain, and pursue improper business practices.

65. That in pursuing their egregious, and unlawful debt collection efforts against Plaintiff, the Defendants acted with malice, oppression, and fraud as defined by Cal. Civ. Code §3294(c)(1),(2),(3).

## CLASS ALLEGATIONS

66. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

67. The first cause of action is brought on behalf of Plaintiff and the members of a class.

68. That one sub-class consists of all persons whom Defendants' records reflect (a) were subjected to a collections lawsuit similar to that of the Plaintiff's (b) where Defendants lacked the evidence to prevail on said lawsuit; and (c) the collection activity by the

Defendants committed thereafter constitute violations of 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

69. That another sub-class consists of all persons whom Defendants' records reflect (a) received collection notices bearing the Defendants' letterhead in substantially the same form as the letter(s) sent to the Plaintiff, (b) the correspondence was sent to consumers seeking payment of a consumer debt; and (c) that the correspondence contained violations of 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

70. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the facts that the collection activity, including Defendants' wide scale litigation tactics and form letters, are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA by failing to follow appropriate procedures.

   (C) The only individual issue is the identification of the consumers like the Plaintiff, a matter capable of ministerial determination from the records of Defendants.

   (D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   (E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

71. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

72. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

73. Collection lawsuits, pleadings, letters, statements and/or reports, such as those sent by, or at the direction of the Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

74. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   i. Defendants have violated 1692d by harassing and engaging in oppressive and abusive conduct against the Plaintiff and putative class members;

   ii. Defendants have violated 1692e by using false representations, employing deceptive and misleading means and taking legal actions that could not be legally taken, in an attempt to collect a debt;

   iii. Defendants have violated 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

   iv. Defendants have violated 1692g by using misleading and overshadowing language and mischaracterizing debtor rights and/or the status and amounts of alleged accounts.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a) An order certifying the class defined above, appointing Plaintiff as class representative and appointing his attorney as class counsel;

(b) Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action;

(c) Statutory damages, actual and punitive damages provided by statute, including, but not limited to 15 U.S.C. § 1692k et seq., Civil Code §1788.30 et seq., and

California Business and Professions Code §§17200, et seq and Cal. Civ. Code §3294;

(d) Special, general, and compensatory damages and punitive damages;

(e) Equitable and injunctive relief;

(f) Restitution;

(g) Costs and reasonable attorney's fees provided by statute, including 15 U.S.C. § 1692k, California Civil Code §1788.30, *et seq*., common law and/or the Court's inherent power; and

(h) For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendants and their agents, employees, affiliates and/or subsidiaries, from collecting or attempting to collect monies not authorized by law from Plaintiff or from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

Plaintiff requests trial by jury on all issues so triable.

Dated: March 2, 2021                              Respectfully Submitted,

                                                               /S/ Amir J. Goldstein, Esq.
Amir J. Goldstein, Esq.
**Attorney for Plaintiff**
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd, Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194